WHITE v. MORGAN.

1. **Estoppel**: IN PAIS: PRINCIPAL AND AGENT. Where the owner of property has permitted his agent in possession to represent himself as the owner, whereby he has obtained credit and incurred a debt for an improvement upon the property, the owner is estopped to deny his liability therefor.

2. ———: ———: ———. But the owner must have *known* of the act of the agent, and failed to repudiate it, to be estopped to deny his responsibility for the act.

*Appeal from Fremont Circuit Court.*

TUESDAY, DECEMBER 14.

THE petition of plaintiff alleges that on the 21st day of May, 1874, she was the owner of certain flour and corn meal of the

value of $227.75, and that on said day the defendant, as sheriff
of Fremont county, by virtue of an execution in favor of
*Hawes, Babcock & Co. v. H. R. Grape*, wrongfully seized and
took on said execution the said flour and meal, as the property
of H. R. Grape, and proceeded to sell the same to satisfy said
excution. Plaintiff asks judgment for the value of the flour
and interest. The defendant filed an answer in denial.

Hawes, Babcock & Co. filed their petition in intervention,
alleging that they are the real parties interested as defendants,
and were the parties plaintiff in execution by virtue of which
the sheriff made the levy and sale complained of. The peti-
tion further alleges that in 1871, plaintiff, by her agent,
H. R. Grape, was engaged in building and fitting up a cer-
tain mill in Hamburg; that the erection and fitting up of
said mill was carried on by Grape as the ostensible owner;
that with fraudulent purpose and intent plaintiff allowed
Grape to hold himself out as the owner of said property,
and permitted him to conduct, control, and carry on the
milling business therein, entirely in his own name, as the
ostensible and apparent owner of the mill and business, and
thereby enabled him to obtain credit upon the strength of his
apparent possession; that petitioners, relying upon his osten-
sible ownership of said property and business, did, during the
year 1871, sell the said Grape certain machinery, to be used
in and about the mill of plaintiff; that Grape, without divulg-
ing his agency or the name of his principal, purchased of
intervenors the machinery to be used in said mill, and it was
delivered to Grape, and by him put into plaintiff's mill for
her use and benefit; that in December, 1872, payment for said
machinery not having been made, and Grape, with knowledge
and consent of plaintiff, still being the apparent owner of said
property, intervenors commenced an action in the District
Court of Fremont county, to enforce payment of the same,
and in March, 1873, they recovered judgment against Grape
for the sum of $200.00; that execution issued upon said judg-
ment, in virtue of which the levy and sale complained of were
made, the property levied on and sold being the products of
said mill.

Plaintiff filed a replication denying the allegations of the petition of intervention.

On the trial of the cause intervenors introduced evidence tending to show each allegation of their petition in intervention; that about the year 1871, said mill was built, said H. R. Grape, with the knowledge and consent of plaintiff, holding himself out as the exclusive owner of said mill, and also of the milling business carried on in the same; that intervenors gave him credit as such apparent owner; that, at the time of the levy of execution complained of, said Grape was still in the active management of said milling business, and that the property levied upon and sold was proceeds of said mill and was taken therefrom; that intervenors had never been informed that plaintiff pretended to have any interest in the mill or business of the mill, and that Grape was in fact the owner of the property levied upon and sold, but that the sheriff was notified before sale that plaintiff claimed to be the owner of the property levied upon. In rebuttal, Grape testified that he built the mill for plaintiff, upon contract, and was to furnish everything, and turn the mill over to plaintiff completed.

There was a jury trial, and a verdict and judgment for defendants. Plaintiff appeals.

*Stow & Hammond* with *R. K. Crandal*, for appellant.

*Cornish & Draper*, for appellee.

DAY, J.—The court instructed the jury as follows:

"2. If you find from the evidence that Elizabeth White was, at the time the sheriff seized the property in controversy, the owner of said property, you should find for her, unless you find for the defendants on the second and third divisions of intervenor's answer, as instructed in the next two instructions given at the request of the defendants.

"3. If you believe from the evidence that the plaintiff held out H. R. Grape as the owner of, or as having full power of disposition over the said mill property in Hamburg, or the proceeds thereof, or permitted him to appear as such, or per-

mitted him to conduct said milling business as he saw fit, and that he did so hold himself out as the owner thereof, and that Hawes, Babcock & Co., gave him credit as such apparent owner, and that the proceeds of the property in controversy was applied to the payment of said debt, it was properly applied, and you should find for defendants.

"4. If you believe from the evidence that about the year 1871, H. R. Grape, as agent for plaintiff herein, was engaged in fitting up a mill in Hamburg for said plaintiff, with authority from said plaintiff to purchase machinery to be used in said mill, and that said Grape purchased in his own name, for said mill, of Hawes, Babcock & Co., and did not disclose his said agency to them, and that about March, 1873, said Hawes, Babcock & Co., obtained judgment against said Grape for the purchase price of said machinery, that execution issued upon said judgment, and that the property in question was levied upon and sold under said execution, and the proceeds applied to the payment of said execution and judgment, it was properly applied and your verdict should be for defendants."

The court refused at the instance of plaintiff to instruct the jury as follows:

"If you find from the evidence that the property levied upon by the sheriff, and sued for in this action by the plaintiff, was the property of the plaintiff Elizabeth White, at the time the same was levied upon, your verdict will be for the plaintiff, for the value of the property, as shown by the evidence."

The errors assigned are the giving of the instructions above set out, and the refusal to give that asked by plaintiff.

I. There is no error in the third instruction. The principle which it embraces is, that if plaintiff held Grape out as the owner, or as having full power of disposition over the mill property or the proceeds, and that he did so hold himself out, and was given credit as the real owner, and that the proceeds of the property were applied to the satisfaction of a debt contracted upon the faith of his ownership, she cannot recover.

1. ESTOPPEL: in pais: principal and agent.

The facts stated embrace every element of an estoppel *in pais*. In *Lucas v. Hart*, 5 Iowa, 420, it is said: "That where

a party, either by his declaration or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission, if the consequence would be to work an injury to such third person, or to some one claiming under him." See *French & Davis v. Rowe & Hyde*, 15 Iowa, 563; *Lucas v. Hart*, 5 Iowa, 415, and cases cited; Bigelow on Estoppel, page 468.

II. From what has already been said, it follows that there was no error in refusing to give the instruction asked by plaintiff. The mere fact that the property levied upon was the property of plaintiff does not, of necessity, entitle her to recover. The property may have been the plaintiff's, and yet she may have permitted such a course of dealing respecting it, as to estop her from claiming it as against the intervenors.

III. The fourth instruction is erroneous, and should not have been given. It contains no element of estoppel. The doctrine which it embraces, briefly expressed, is, that if Grape, as agent for plaintiff, was engaged in fitting up a mill for plaintiff, and purchased in his own name machinery for the mill, without disclosing his agency, the property in question was properly applied to the satisfaction of the judgment rendered against Grape. If Grape purchased in his own name, without disclosing his principal, he thereby rendered himself personally liable. But he could not, by such purchase, deprive his principal of her right to a day in court, or render her property liable to a judgment against the agent, unless she knew that her agent had so purchased, and permitted her property to remain under his control as ostensible owner. "To estop a party, by the act of another, the person sought to be estopped must, at least, *know* of the act." *Morris v. Sargent*, 18 Iowa, 90 (99).

For the error in giving the fourth instruction, the judgment is

REVERSED.